IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA for the
use and benefit of FREEMAN ELECTRIC,
INC.,**

    **Plaintiff,**

v.   No. CIV 07-0798 RB/RLP

**WESTFIELD INSURANCE COMPANY,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant's[1] Opposed Motion to Dismiss for Failure to Join an Indispensable Party (Doc. 7), filed on September 17, 2007. Jurisdiction arises under 28 U.S.C. § 1331. Having considered the submissions of counsel, relevant law, and being otherwise fully advised, I deny the motion.

**I.   Background.**

Plaintiff (herein "Freeman") brought this case under the Miller Act, 40 U.S.C. §§ 3131-3134. On August 25, 2005, Jim Cooley Construction, Inc., (herein "Cooley"), contracted with the United States Army Corps of Engineers to construct a facility at Kirtland Air Force Base in Albuquerque, New Mexico. (Compl. ¶ 3, Pl. Ex. 2.) On August 31, 2005, Cooley obtained a payment bond from Defendant in connection with the project, as required by 40 U.S.C. § 3131 (b)(2). (Compl. ¶ 4, Pl. Ex. 2.)

---

[1] Plaintiff points out that, on September 17, 2007, Counsel for Defendant filed an Entry of Appearance purporting to enter an appearance on behalf of Jim Cooley Construction, Inc. (herein "Cooley"), as well as on behalf of Defendant. Because Cooley is not a party and has not moved to intervene, the September 17, 2007 Entry of Appearance is inaccurate. On January 15, 2008, Counsel for Defendant filed an Entry of Appearance on behalf of Defendant.

On September 27, 2005, Freeman entered into a subcontract with Cooley for the furnishing of labor, equipment and materials in connection with construction of the Kirtland facility. (Compl.¶ 3, Pl. Ex. 1.)  After Freeman completed all work for which it was responsible, Cooley failed to pay a balance owed to Freeman in the amount of $147,772.64.  (Compl. ¶¶ 7; 8; 10.)

On April 13, 2007, Freeman provided a proof of claim to Defendant on the bond.  (Compl. ¶ 9, Pl. Exs. 3; 4.)  Defendant refused to pay the claim.  (Compl. ¶ 14.)  Freeman seeks payment from Defendant for the amount owed by Cooley to Freeman, attorney fees, costs, and prejudgment interest.  (Compl. ¶¶ 11-13.)

Defendant moves to dismiss for failure to join Cooley, arguing Cooley is an indispensable party within the meaning of Fed. R. Civ. P. 19(a).  Specifically, Defendant asserts this action cannot be fairly adjudicated without Cooley because Defendant's liability depends on whether Cooley owes Freeman money under the subcontract and whether Cooley has failed to pay any money that is owed under the subcontract.  Additionally, Defendant argues that Cooley's joinder is not feasible because the subcontract requires that any litigation must take place in Oklahoma City, Oklahoma, and any disputes are subject to mediation and arbitration.  (Doc. 7, Def. Ex. 1 §§ 15.1, 15.2 and 16.4.)

Freeman responds that Cooley is not an indispensable party because the Miller Act provides that a subcontractor may bring a complaint on a surety bond without joining the general contractor.

**II.     Standard.**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a plaintiff's claims for "failure to state a claim upon which relief can be granted . . . .."  A motion to dismiss may be granted "if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.' " *MacArthur v. San Juan County*, 497 F.3d 1057, 1064-65 (10th

Cir. Jul. 18, 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1968-69 (2007)). The Tenth Circuit has explained, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Anderson v. Suiters*, 499 F.3d 1228, 1232 (10th Cir. 2007) (internal quotations omitted) (applying *Twombly* standard).

### III.    Discussion.

####     A.    Cooley is not an indispensable party.

Congress created the Miller Act "to protect persons who supply labor and materials for the construction of federal buildings." *United States ex rel. B & D Mech. Contractors, Inc. v. St. Paul Mercury Ins. Co.*, 70 F.3d 1115, 1117 (10th Cir.1995). Under the Miller Act, general contractors on federal construction projects are required to post a bond to protect subcontractors in case of payment default. *See* 40 U.S.C. § 3131(b)(2). Miller Act bonds serve as substitutes for mechanics' liens ordinarily available on private construction projects, because mechanics' liens cannot attach to federal property. *F.D. Rich Co. v. United States ex rel. Indus. Lumber Co.*, 417 U.S. 116, 122 (1974). "The Miller Act provides a federal cause of action, and the scope of the remedy as well as the substance of the rights created thereby is a matter of federal not state law." *Id.*, 417 U.S. at 127.

The express language of the Miller Act provides that a subcontractor may bring a civil action on the payment bond. Section 3133 states:

> (b) Right to bring a civil action.--
> (1) In general.--Every person that has furnished labor or material in carrying out work provided for in a contract for which a payment bond is furnished under section 3131 of this title and that has not been paid in full within 90 days after the day on which the person did or performed the last of the labor or furnished or supplied the material for which the claim is made *may bring a civil action on the payment bond for the amount unpaid at the time the civil action is brought and may prosecute the*

*action to final execution and judgment for the amount due*.

40 U.S.C. § 3133(b)(1) (emphasis added).

While the Miller Act does not prohibit a subcontractor from joining a general contractor, the Act does not require that the subcontractor join the general contractor.

When presented with the precise issue of whether the general contractor is an indispensable party in a suit by a subcontractor against the surety under the Miller Act, the Ninth Circuit held: "Under the express language of the Miller Act, a suit may be maintained by a subcontractor against the Miller Act surety without joining the general contractor." *United States ex rel. Henderson v. Nucon Const. Corp.*, 49 F.3d 1421, 1422 (9th Cir. 1995). Indeed, "all courts to consider the question have concluded that a surety alone may be sued by a subcontractor under the Miller Act." *Id.* (citing *United States ex rel. Hudson v. Peerless Ins. Co.*, 374 F.2d 942, 945 (4th Cir. 1967); *United States ex rel. Apex Roofing and Insulation, Inc. v. Union Indem. Ins. Co.*, 865 F.2d 1226, 1227 (11th Cir. 1989); *United States ex rel. Way Panama, S.A. v. Uhlhorn Int'l, S.A.*, 238 F.Supp. 887, 891 (D.C.Z. 1965).

Defendant cites no authority to the contrary. In light of the clear language of Section 3133(b)(1), as well as the weight of authority, I conclude that Cooley is not an indispensable party.

**B.     The forum selection provision is invalid for purposes of this action.**

Defendant contends that it is not feasible to join Cooley because the subcontract requires any action to be brought in Oklahoma City. In support of this contention, Defendant relies on the following language of the subcontract: "If contractor directs litigation as the formal dispute resolution method, any litigation will take place in Oklahoma City." (Def. Ex. 1, § 16.4.) The subcontract additionally provides: "This Agreement shall be governed by the laws of the State of Oklahoma." (Def. Ex. 1, § 16.2.)

4

Section 16.4 of the subcontract conflicts with the Miller Act, which states: "A civil action brought under this subsection must be brought . . . in the United States District Court for any district in which the contract was to be performed and executed, regardless of the amount in controversy." 40 U.S.C. § 3133(b)(3)(B). It is undisputed that the Contract and Subcontract were to be performed at Kirtland Air Force Base in New Mexico. Thus, the Miller Act directs that venue lies in this Court.

While it is possible to waive venue through a valid contractual provision, *F.D. Rich Co., Inc.*, 417 U.S. at 124-125 (characterizing an earlier version of the Miller Act's venue provision as being "merely a venue requirement"), *B & D Mech. Contractors, Inc.*, 70 F.3d at 1115 (holding "a valid forum selection clause supersedes the Miller Act's venue provision."), the forum selection provision in the subcontract is invalid, for purposes of the Miller Act, because it purports to divest the federal courts of exclusive jurisdiction to hear the Miller Act case.

As the Tenth Circuit discussed in *B & D Mech. Contractors, Inc.*,

> Although parties are able to contractually alter the Miller Act's venue provisions, they are not able to change its jurisdictional requirements. As Justice Frankfurter stated in *Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165 (1939):
>> The jurisdiction of the federal courts-their power to adjudicate - is a grant of authority to them by Congress and thus beyond the scope of litigants to confer. But the locality of a lawsuit - the place where judicial authority may be exercised-though defined by legislation relates to the convenience of litigants and as such is subject to their disposition.
>
> *Id.* at 167-68. *United States for Use of Owens-Corning Fiberglass Corp. v. Brandt Constr. Co.*, 826 F.2d 643, 645 (7th Cir.1987) (discussing how federal courts have unanimously held Miller Act jurisdiction to be exclusively federal). *See also United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1493 (10th Cir. 1995).

*B & D Mech. Contractors, Inc.*, 70 F.3d at 1117-18. The Tenth Circuit determined "a forum selection clause which attempts to divest the federal courts of their exclusive jurisdiction to hear [a] case is void and unenforceable." *B & D Mech. Contractors, Inc.*, 70 F.3d at 1118.

5

In *B & D Mech. Contractors, Inc.*, the subcontract contained a forum selection clause stating: "The Subcontract Agreement and any claims arising under it shall be governed by the laws of the State of Texas and exclusive venue shall be proper in Bexar County, Texas." *Id.*, 70 F.3d at 1116. The Tenth Circuit held the forum selection clause in *B & D Mech. Contractors, Inc.* attempted to divest the federal courts of exclusive jurisdiction to hear the case and it was, therefore, void and unenforceable. *Id.*, 70 F.3d at 1116. The forum selection clause and choice of law provision in this case are materially indistinguishable from those invalidated by the Tenth Circuit in *B & D Mech. Contractors, Inc.* Simply put, the provisions in the subcontract on which Defendant relies are void and unenforceable for the purposes of this Miller Act case.

Because the forum selection clause is invalid, the Miller Act's venue provisions prevail. Therefore, venue is proper in the District of New Mexico.

**WHEREFORE,**

**IT IS ORDERED** that Defendant's Opposed Motion to Dismiss for failure to Join an Indispensable Party (Doc. 7), filed on September 17, 2007, is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**